U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STACEY DRUSS

                          Plaintiff,    FIRST AMENDED
                                        COMPLAINT    20-CV-6341
                                        (PMH)(LMS)
         Against-

                               JURY TRIAL DEMANDED

ANTHONY MUSCATELLA, VICTOR PROTASIEWICZ, SHIRLEY
ROSE, CHRISTIAN CORTELLI, JOHN DOE and JAMES DOE
                              Defendants.
-------------------------------------------------------------------------X

## INTRODUCTION

1. Plaintiff, by and through her legal counsel, Anthony M. Giordano, Esq., hereby states and alleges as and for her First Amended complaint the following:

## PARTIES

2. Plaintiff STACEY DRUSS is of legal age and currently resides at 12 Easterly Drive, Bardonia, in Rockland County, State of New York.

3. Upon information and belief, at all relevant times hereinafter mentioned, defendant ANTHONY MUSCATELLA was employed as a police officer with the Clarkstown Police Department in Clarkstown, Rockland County, New York

4. Upon information and belief, at all relevant times hereinafter mentioned, defendant VICTOR PROTASIEWICZ was employed as a police officer with the Clarkstown Police Department in Clarkstown, Rockland County, New York.

5. Upon information and belief, at all relevant times hereinafter mentioned, defendant CHRISTIAN CORTELLI was employed as a police officer with the Clarkstown Police Department in Clarkstown, Rockland County, New York.

6. Upon information and belief, at all relevant times hereinafter mentioned, defendant SHIRLEY ROSE was employed as a police officer with the Clarkstown Police Department in Clarkstown, Rockland County, New York.

7. Upon information and belief, at all relevant times hereinafter mentioned, the defendant JOHN DOE and JAMES DOE are unknown police officers employed by the Clarkstown Police Department in Clarkstown, Rockland County, New York.

8. The actions and omissions about which plaintiff complains were undertaken by defendants under color of authority and state law.

9. A notice of claim was duly and timely served, and a hearing held pursuant to GML 50-h.

## JURISDICTION

10. Jurisdiction of this honorable Court is invoked pursuant to and under 28 U.S.C. § 1331 and 1343 (3) and (4) in conjunction with the Civil Rights Act of 1871, 42 U.S.C. § 1983, 1985 and 1986.

11. Jurisdiction is also invoked pursuant to and under 28 U.S.C. § 1367, entitled Supplemental Pendent Party Jurisdiction and plaintiffs request that the Court exercise its powers to invoke pendent claim and pendent party jurisdiction.

12. That the State law claims have a common nucleus of operative facts with the federally based claims and arise out of the same transactions and occurrences giving rise to the plaintiffs' federally based claims and causes of action.

13. Upon information and belief, the value of the rights in question exceed $100,000.00, exclusive of interest and costs.

## FACTS OF THE CASE

14. On or about July 22, 2019 at approximately 10 pm, plaintiff was alone at her then residence located at 9 Saddle Lane in

Clarkstown, New York, preparing to turn in for the night when someone knocked on her front door and she discovered members of the Clarkstown Police Department present.

15. When asked to open the door, plaintiff politely declined and asked police if they possessed any warrants authorizing them to be on her property.

16. When told they did not, plaintiff politely asked them to leave.

17. Rather than leave, additional Clarkstown police officers arrived and gathered on plaintiff's property without her consent, permission or just cause.

18. These additional police officers gathered on plaintiff's property, then began shining flashlights and peering inside plaintiff's home windows, in an apparent effort to intimidate and alarm her into opening her door for police to enter her home.

19. Plaintiff, again, asked officers John Doe and Shirley Rose, at her front door, to leave her premises, a request they twice ignored.

20. Plaintiff then went upstairs to her balcony and, again, asked police present on her property to leave, but police remained.

21. Shortly thereafter, plaintiff's landline phone rang and a person who identified himself as "Sgt Fredericks with the Clarkstown police", informed plaintiff for the first time that police were at her home on a wellness check.

22. Plaintiff informed Sgt Fredericks she was fine and complained to him that police on her property were refusing to leave.

23. After conversations that, presumably ensured Fredericks that she was fine, he informed plaintiff that he would order police to leave and instructed her to go to her front door with her phone for the purpose of having him do so.

24. Upon going to her front door, plaintiff discovered a visiting friend was outside her front door with police.

25. Upon information and belief, the supervising officer, defendant James Doe, directed defendant John Doe to "get the bar".

26. Upon information and belief, it was at this time that defendant officers Muscatella, Protasiewicz, Rose, John Doe, and James Doe and Cortelli conspired to use plaintiff's friend as a means to enter plaintiff's home forcibly and illegally.

27. Plaintiff's friend asked her to let him in and when plaintiff opened her door to do so, defendant JOHN DOE pushed hard on the opening door, causing it to violently strike plaintiff, causing her to be propelled and fall backwards, while he shoved a metal rod ("the bar") in the door to insure it remained open.

28. Defendant Officers John Doe, Muscatella and Cortelli, in violation of plaintiff's constitutional rights, then wrongfully and illegally entered plaintiff's home.

29. Plaintiff, wearing only a black tee shirt, was handcuffed by defendant John Doe, who, upon information and belief, deliberately placed handcuffs tightly and painfully on plaintiff's wrists in retaliation for her refusal to open her door to police.

30. When plaintiff complained of the handcuffs hurting her, defendant John Doe ignored her complaints and declined to check her handcuffs for tightness.

31. When the now handcuffed plaintiff asked to be allowed to get dressed, defendant police refused her request and, instead, escorted her from her home and placed her in a police vehicle in a near naked state of undress. The police present during her illegal seizure, removal from her home and placement into a police vehicle were defendants Muscatella, Cortelli Protasiewicz, Rose, John Doe, and James Doe.

32. Upon information and belief, although plaintiff was not accused of criminal conduct nor observed engaging in conduct indicative of her being a danger to herself or others, she was, nonetheless, forcibly removed from her home by police and taken to the psychiatric unit at Montefiore hospital, where defendant police officers then provided knowingly false and malicious information to the hospital psych unit personnel in order to have plaintiff wrongfully and involuntarily admitted.

33. Upon information and belief, to justify their wrongful, forcible and illegal entry into plaintiff's home, the wrongful, forcible and illegal seizure of her person in her home without a warrant and the wrongful, forcible and illegal involuntary admission to a psychiatric unit using false facts given to hospital personnel, defendants Muscatella, Cortelli, Protasiewicz, Rose, John Doe and James Doe, in furtherance of their conspiracy to violate plaintiff's constitutional rights, agreed to support the false facts provided to hospital personnel and contained in the official police report on the incident in order to falsely portray plaintiff as having engaged in violent, irrational behavior comporting with an unfounded and false complaint allegedly made to the behavioral response team (BRT) that plaintiff was Bipolar, off her meds and talked irrationally.

34. Upon information and belief, plaintiff has never been diagnosed or treated for Bipolar syndrome.

35. As plaintiff is not Bipolar, was not on Bipolar medication nor was suffering at the time of these events from any mental illness, much less one that would cause her to speak or behave "irrationally", she never behaved nor spoke irrationally the evening police forcibly entered and removed her from her home.

36. Upon information and belief, Muscatella, with the knowledge, understanding and agreement of defendants Protasiewicz, Cortelli, Rose, John Doe and James Doe, conspired with these co-defendants to justify and/or conceal the facts, including their misconduct violating plaintiff's rights by agreeing to fictitious facts placed in Muscatella's formal police report on the incident, knowing these fictitious facts were designed to portray plaintiff as having had a mental episode in the presence of police, consistent with the BRT call, to justify their illegal conduct.

37. Upon information and belief, in his report, Muscatella knowingly and falsely included that plaintiff called herself "the Master Teacher, and you are the Master Learners", statements not uttered by plaintiff but placed in his report to support the BRT complaint that plaintiff was speaking irrationally in order to justify the police misconduct.

38. Upon information and belief, Muscatella included other fictitious "facts" in his report designed to portray plaintiff as having had a mental episode in the presence of police, including a claim that plaintiff "barricaded herself with a large cardboard box"; and said that "it was her job to protect us, and that she was going to teach us a lesson", in order to justify their violent entry into plaintiff's home and her forcible removal without warrant or just cause.

39. Upon information and belief, Muscatella falsified his report further by including fictitious claims that plaintiff threw various condiments and Chinese Food at the closed door separating him from plaintiff, conduct that never occurred.

40. Upon information and belief, Muscatella included in his report the fictitious claim that plaintiff "picked up an open mustard packet that she had thrown down the stairs and with it in hand, struck me on the left side of my face"; that she spoke and acted irrationally in his patrol car by "singing the alphabet and stating that 'Her Dog Trained her and she is ready for the next dimension'", all false statements placed in his report to support and justify the police misconduct.

41. Upon information and belief, Muscatella included these knowingly false, fictitious and malicious "facts" in an official police report to portray plaintiff as not in her right mind, as acting irrational and violently to justify their illegal entry into plaintiff's home without a warrant, her wrongful detention and removal from her home, and their taking her to a psych unit.

42. Upon information and belief, Muscatella made his knowingly false and malicious police report in furtherance of the conspiracy by defendant police to cover up their illegal conduct in violation of plaintiff's civil rights.

43. That, upon information and belief, as a result of the fictitious police account of their encounter with plaintiff, as told to the hospital psychiatric unit personnel, plaintiff was wrongfully and involuntarily admitted against her will without just cause or reason.

44. Upon information and belief, plaintiff was eventually released with a diagnosis of anxiety disorder, a diagnosis that did not justify her detention.

45. The actions of the defendant police violated clearly established and well settled federal constitutional rights including but not limited to the following:

a. Under the 4th and 14th Amendments to the U.S. Constitution, plaintiff's right to be free from unreasonable seizure of her person without probable cause or a warrant issued by a magistrate.

b. Under the 4th and 14th Amendments to the U.S. Constitution, plaintiff's right to be free from unreasonable search of her home and property without probable cause or a warrant issued by a magistrate.

c. Under the 4th, 9th, 10th and 14th Amendments to the U.S. Constitution, plaintiff's privacy rights were violated when she was forcibly removed from her home without proper clothing and later compelled to get into garments in the hospital parking lot in the presence of male officers.

d. Under the 8th and 14th Amendments to the U.S. Constitution to due process of law not to be tortured by police.

46. As a direct and proximate result of the said acts of the defendant police officers, plaintiff suffered the following injuries and damages;

a. Violation of her rights under the U.S. Constitution;

b. Violation of her rights under the New York State Constitution and its laws;

c. Physical, emotional, and psychological injuries suffered by her treatment at the hands of the defendants.

d. Damages for emotional and psychological injuries suffered.

e. Damages and injury due to her loss of liberty;

    f.  Damages for physical pain suffered;

## FEDERAL CAUSES OF ACTION

47. Plaintiffs repeats and realleges, as if fully set forth herein, each and every allegation contained in paragraphs numbered 1 to 46 above, inclusive.

48. By wrongfully seizing and detaining plaintiff without warrant or cause under color of authority and law, defendants Muscatella, Protasiewicz, Cortelli, Rose, John Doe and James Doe violated plaintiff's rights under the 4th and 14th Amendments to the U.S. constitution, as enforced under 42 USC 1983

49. By wrongfully entering upon her properly and forcibly entering her home without permission, justification or warrant, and under color of law, defendants Muscatella, Protasiewicz, Cortelli, Rose, John Doe and James Doe violated plaintiff's rights under the 4th and 14 Amendments to the US Constitution

50. By falsifying police documents and providing fictitious information to hospital employees in pursuit of their conspiracy to hide their own misconduct, defendant police violated plaintiff's due process rights under the due process clause of the 5th and 14th amendments.

51. By providing knowingly fictitious information to hospital personnel in furtherance of their conspiracy to violate plaintiff's constitutional rights and to cover up their illegal actions, defendant police violated plaintiff's rights not to be free from being seized or held illegally under the 4th and 14th Amendments to the U.S. constitution, as enforced under 42 USC 1983

## STATE CAUSES OF ACTION

52. Plaintiffs repeats and realleges, as if fully set forth herein, each and every allegation contained in paragraphs numbered 1 to 46 above, inclusive.

53. That the above-named police did wrongful imprison plaintiff by their actions listed above in both their illegal entry into her home and their wrongful commitment in a psych unit using fictitious claims, in that defendants intended to confine plaintiff, that plaintiff was conscious of her confinement, that plaintiff did not consent to her confinement and that the confinement was not otherwise privileged.

54. That the actions of defendant JOHN DOE in forcing plaintiff's door into plaintiff, causing the door to strike her, and handcuffing her too tightly to deliberately cause her pain in retaliation for her refusal to open the door to police, constituted an assault and battery against plaintiff for which damages are sought.

55. That the entry into her home by police without consent, warrant or just cause constituted a knowing trespass onto private property for which damages are sought.

WHEREFORE, plaintiff requests that this Court:

A. Award compensatory against all the police defendants jointly and severally for the constitutional violations in the sum of THREE MILLION DOLLARS ($3,000,000.00);
B. Award compensatory against all the police defendants jointly and severally for the state violations in the sum of ONE MILLION DOLLARS ($1,000,000.00);
C. Award punitive damages as against all individual defendants jointly and severally in the sum of ONE MILLION DOLLARS ($1,000,000.00);
D. Award reasonable costs of this action to plaintiff,
E. Award reasonable attorney's fees to plaintiff;
F. Award such other and further relief as to this Court may deem appropriate;
G. Enter any other order required by the interests of justice and equity.

                          Yours, etc.,

                          _____

                          Anthony M. Giordano, Esq.(2735)
                          Giordano Law Office
                          Attorneys for Plaintiff
                          23 Spring Street, Suite 204A
                          Ossining, New York 10562
                          (914) 923-7746